# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258


OR SERVICE

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:     **Vicki Wilson v Calamar Management Group, LLC**
Case Number:   **218-2018-CV-00546**

Date Complaint Filed: May 18, 2018

A Complaint has been filed against Calamar Management Group, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 02, 2018 | Vicki Wilson shall have this Summons and the attached Complaint served upon Calamar Management Group, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| July 23, 2018 | Vicki Wilson shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Calamar Management Group, LLC must file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Calamar Management Group, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  John P. Sherman, ESQ

Sherman Law PLLC
111 Bow St Unit 2
Portsmouth NH  03801

BY ORDER OF THE COURT

May 18, 2018

Maureen F. O'Neil
Clerk of Court

(595)

ROCKINGHAM COUNTY  STATE OF NEW HAMPSHIRE  SUPERIOR COURT

RECEIVED
ROCKINGHAM
SUPERIOR COURT
2018 MAY 18 A 9:52

Vicki Wilson
488 Main Street
Sandown, NH 03873

v.

Calamar Management Group, LLC
3949 Forest Parkway, Suite 100
Wheatfield, NY 14120

## COMPLAINT

### PARTIES

1. Plaintiff Vicki Wilson ("Wilson") is an individual residing at 488 Main Street, Sandown, New Hampshire.

2. Defendant Calamar Management Group, LLC is a New York limited liability company registered to do business in the State of New Hampshire with a principal address at 3949 Forest Parkway, Suite 100, Wheatfield, NY 14120.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to RSA 491:7.

4. Venue is proper pursuant to RSA 507:9.

### FACTS RELEVANT TO ALL COUNTS

5. Ms. Wilson is 59 years old.

6. She began working for Calamar in August 2015 as a Community Manager in the Property Management Dept. This was a salaried/exempt position.

7. During the course of her employment, Ms. Wilson received excellent reviews. She was not subjected to any formal discipline pursuant to the Company's disciplinary policies.

1

8. One of Ms. Wilson's job responsibilities was to obtain pre-lease agreements for units at properties Calamar was building in Londonderry, Bedford, and Concord New Hampshire.

9. Pursuant to the Company's practices and policies Ms. Wilson was supposed to receive a portion of a commission for each pre-lease which she understood to be $75/pre-lease.

10. In many weeks Ms. Wilson worked in excess of 60 hours. She also had a full-time assistant working 40 hours a week who helped with the administrative tasks and responsibilities in the office.

11. In 2016 the United States Department of Labor issued new overtime rules providing that salaried workers earning $47,476 a year or less were eligible for time-and-a-half overtime pay if they worked in excess of 40 hours a week. Because Ms. Wilson was a salaried employee earning over the new threshold, this new overtime rule did not apply to her position.

12. In November 2016, however, Calamar changed Ms. Wilson to an hourly employee. It required her to perform all of the same job duties but do so within a strict 40-hour workweek. Calamar also terminated Ms. Wilson's assistant.

13. Ms. Wilson objected to the change in her position from salaried/exempt to hourly/non-exempt. She also objected to the loss of her assistant.

14. Ms. Wilson's manager repeatedly criticized her for not being able to complete all of her job functions – ones that previously took her in excess of 60 hours with the help of an assistant—within 40 hours.

15. Ms. Wilson's manager also angrily criticized her for having to work overtime. As a direct and proximate result of this change in her employment and the elimination of this assistant, it was impossible to do all of the responsibilities of her job.

16. At one point after this change, Calamar assigned a Regional Property Manager to do an assessment of the time necessary to perform Ms. Wilson's job responsibilities.

17. This person concluded that it was not possible to do them all within 40 hours and advised Ms. Wilson that he was going to recommend that Calamar hire an assistant to help with her responsibilities.

18. Ms. Wilson understands that after this person made this recommendation, Calamar re-assigned him such that he no longer was responsible for the region in which Ms. Wilson worked.

19. Ms. Wilson continued to request overtime pay for hours she was required to work in excess of forty (40) during the work week.

20. Ms. Wilson continued to inquire about the commissions that she was owed and that she was not paid.

21. On April 25, 2017 Calamar notified Ms. Wilson that it was terminating her employment. It did this at a time when she was owed overtime pay and commissions.

22. Calamar replaced Ms. Wilson with at least three (3) individuals each of who was significantly younger than her (i.e., 60 vs. 20s-30s) and two of whom Calamar paid significantly less money.

23. These and other relevant facts substantiate that Calamar discriminated against Ms. Wilson based on age and retaliated against her for, among other things, requesting commissions she earned, objecting to the change in her employment to hourly, objecting to the elimination of an assistant, and having to work overtime without overtime pay.

## LEGAL CLAIMS

### COUNT I
### AGE DISCRIMINATION
### (RSA 354-A)

24. The plaintiff incorporates by reference all allegations within this Complaint.

25. Ms. Wilson is a member of a protected group based on her age.

26. At all times during her employment with defendant, Ms. Wilson performed her duties with diligence and competence.

27. Defendant took adverse action against her by terminating her employment.

28. Defendant replaced Ms. Wilson with younger employees, thereby showing a continuing need for the services that she had been rendering.

29. Plaintiff demands judgment against defendant including, but not limited to, backpay, frontpay, compensatory damages, enhanced compensatory damages, punitive damages, and attorney's fees, together with interest and costs and such other and further relief as this Court deems proper.

## COUNT II
## WAGE VIOLATION
## (FAIR LABOR STANDARDS ACT AND RSA 275:43, RSA 279:21)

30. The plaintiff incorporates by reference all allegations within this Complaint.

31. Defendant willfully and without good cause failed and refused to pay plaintiff overtime pay and commissions she earned as required.

32. As a direct and proximate result of the foregoing, plaintiff suffered and continues to suffer damages.

33. Plaintiff demands and is entitled to compensatory, consequential, and enhanced compensatory damages and attorney's fees, together with interest and costs and such other and further relief as this Court deems proper.

## COUNT III
## RETALIATION
## (FAIR LABOR STANDARDS ACT)

34. The plaintiff incorporates by reference all allegations within this Complaint.

35. Ms. Wilson engaged in protected activity under the FLSA by requesting commissions she earned, objecting to the change in her employment to hourly, objecting to having to work overtime without receiving overtime pay.

36. Defendant retaliated against Ms. Wilson, including terminating her employment because of her protected activity in violation of the FLSA.

37. Defendant's retaliation was causally connected to his engaging in protected activity under the FLSA.

38. As a direct and proximate result of the foregoing, plaintiff suffered and continues to suffer damages.

39. Plaintiff demands and is entitled to compensatory, consequential, and enhanced compensatory damages and attorney's fees, together with interest and costs and such other and further relief as this Court deems proper.

## COUNT IV
## WRONGFUL TERMINATION

40. Plaintiff incorporates by reference all allegations within this Complaint.

41. Defendant employed Ms. Wilson

42. At all times during her employment with defendant, Ms. Wilson performed her duties with diligence and competence.

43. Ms. Wilson engaged in protected activity under the FLSA, RSA 275:43 and RSA 279:21 by requesting the overtime pay and commissions she had earned.

44. Defendant terminated Ms. Wilson's employment because she engaged in protected activity and because she refused to work overtime without receiving overtime pay.

45. Defendant's decision was motivated by bad faith, malice, or retaliation.

5

46. As a direct and proximate result of the foregoing, Ms. Wilson suffered damages.

47. Plaintiff demands judgment against defendant, including, but not limited to compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest all of which is within the jurisdictional limit of this Court.

### JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,

VICKI WILSON

By her attorneys,

SHERMAN LAW, PLLC

Dated: 5/16/18

/s/ John P. Sherman
John P. Sherman, Bar No. 12536
Sherman Law, PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

| | |
|---|---|
| Court Name: | Rockingham Superior Court |
| Case Name: | Vicki Wilson v. Calamar management Group, LLC |
| Case Number: (if known) | |

## APPEARANCE/WITHDRAWAL

**APPEARANCE**
Type of appearance (Select One)
☑ Appearance  ☐ Limited Appearance *(Civil cases only)*
If limited appearance, scope of representation:

Select One:
☑ As Counsel for:
Vicki Wilson                488 Main Street, Sandown, NH 03873
(Name)                      (Address)                              (Telephone Number)

(Name)                      (Address)                              (Telephone Number)

(Name)                      (Address)                              (Telephone Number)

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**
As Counsel for _____

Type of Representation: (Select one)
☐ Appearance:
   ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:
   _____
   ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)
   ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.
   ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

I certify that on this date I provided a copy of this document to the parties who have filed an appearance for this case by: ☐ Hand-delivery OR ☐ US Mail OR ☐ Email (only when there is prior agreement of the parties to use this method of service).

5/16/2018                                   /s/ John P. Sherman
Date                                        Signature
Sherman Law, PLLC                           John P. Sherman
Mailing Address                             Printed Name
111 Bow Street, Unit #2, Portsmouth, NH 0380   jsherman@johnshermanlaw.com
                                            Email Address
603-570-4837                                12536
Telephone                                   NH Bar ID # if attorney

NHJB-2318-S (03/24/2014)

# Merrimack County Sheriff's Office

SHERIFF SCOTT E. HILLIARD
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

CALAMAR MANAGEMENT GROUP LLC
10 FERRY ST    313
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                                5/25/18

I, DEPUTY STACIE FISKE, on this date at 1:30 a.m./p.m., summoned the within named defendant CALAMAR MANAGEMENT GROUP LLC as within commanded, by leaving at the office of Registered Agent Corporation Service Company, 10 Ferry Street, Suite 313, Concord, said County and State of New Hampshire, its true and lawful agent for service of process under and by virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested copy of this Summons and Complaint.

FEES

| | |
|---|---|
| Service | $25.00 |
| Postage | 1.00 |
| Travel | 15.00 |
| TOTAL | $41.00 |

_Stacie Fiske_
DEPUTY STACIE FISKE
Merrimack County Sheriff's Office

A TRUE COPY Attest:

_Stacie Fiske_
STACIE FISKE, DEPUTY
Merrimack County Sheriff's Office