```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Vicki Wilson

    v.                                     Civil No. 18-cv-551-JD
                                              Opinion No. 2019 DNH 155

Calamar Management Group, LLC

## O R D E R

Vicki Wilson brought suit in state court against her former employer, Calamar Management Group, LLC, alleging claims under federal and state law that she was not paid for overtime and commissions she earned and that she was terminated because of her age and because she requested her commissions. Calamar removed the case to this court and moves for summary judgment on Wilson's age discrimination claim under New Hampshire Revised Statutes Annotated ("NH RSA") chapter 354-A. Wilson objects.

## Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Thomas v. Harrington, 909 F.3d 483, 490 (1st Cir. 2019). For purposes of summary judgment, the court considers the facts in the light most favorable to the plaintiff and draws all reasonable inferences in her favor. Roy v. Correct Care

Solutions, LLC, 914 F.3d 52, 57 (1st Cir. 2019).  "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the outcome of the case."  Leite v. Bergeron, 911 F.3d 47, 52 (1st Cir. 2018) (internal quotation marks omitted).  "A genuine issue of material fact only exists if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor."  Town of Westport v. Monsanto Co., 877 F.3d 58, 64-65 (1st Cir. 2017) (internal quotation marks omitted); Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015).

Background

Calamar provided a factual statement in support of its motion for summary judgment, and Wilson provided a factual statement in support of her objection.  The following summary is taken from those statements.  The facts are undisputed unless otherwise noted.

Calamar Management Group, LLC hired Vicki Wilson in August of 2015 as a community manager in the property management department of the company to work in Londonderry, New Hampshire.  Wilson was fifty-nine years old when she was hired.  Calamar

represents that of its fourteen community managers, eleven are over forty years old and three are over sixty years old.

Wilson was paid by salary, which was based on experience and the cost of living in the job location.  Because of the increase based on location, Londonderry was one of the highest salaries for property managers.  Marc Guizzo, who became Wilson's supervisor, told her that she was highly paid.

During her employment with Calamar, Wilson worked overtime, and her overtime hours were approved by management.  For some of the time she had an administrative assistant, who also worked forty hours each week.  In November of 2016, after the Department of Labor changed the overtime rules for salaried employees, Wilson was changed to an hourly pay base.  Calamar also ended the administrative assistant's position.

In February of 2017, Wilson's manager began to criticize her for failing to complete her work within forty hours.  Despite the criticism, Wilson continued to submit time sheets for work in excess of forty hours.  Her manager continued to approve her hours.

Wilson was terminated in April of 2017, and her overtime hours were identified as a reason for her termination.  After her termination, two other property managers filled in her position while maintaining their own jobs.  Wilson's position was then filled with a person who was under forty years old.

Discussion

Calamar moves for summary judgment on Wilson's age discrimination claim under NH RSA 354-A:7, Count I. The statute provides as follows:

> It shall be an unlawful discriminatory practice:
> I. For an employer, because of the age, sex, gender identity, race, color, marital status, physical or mental disability, religious creed, or national origin of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification. In addition, no person shall be denied the benefit of the rights afforded by this paragraph on account of that person's sexual orientation.

NH RSA 354-A:7, I. Therefore, under New Hampshire law, it is unlawful for an employer to discriminate against an employee because of her age.

In support of its motion for summary judgment, Calamar notes that the New Hampshire Supreme Court has looked to federal cases interpreting federal discrimination laws to interpret NH RSA chapter 354-A:7, I. See Madeja v. MPB Corp., 149 N.H. 371, 378-79 (2003) (involving sexual harassment and retaliation) ("As this is an issue of first impression under RSA chapter 354-A, we rely upon cases developed under Title VII to aid in our analysis."); Scarborough v. Arnold, 117 N.H. 803, 807 (1977) (involving sex discrimination in hiring) ("In considering what constitutes proof of discriminatory failure to hire under our

'Law Against Discrimination,' RSA 354-A, . . . it is helpful to look to the experience of the federal courts in construing the similar provisions of Title VII of the 1964 Civil Rights Act."). Calamar argues that this court should rely on federal cases addressing the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and should apply the ADEA standard to Wilson's age discrimination claim under NH RSA 354-A:7, I. That standard requires a plaintiff to show that age was the "but for" cause of her termination. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009). Calamar argues that Wilson cannot prove her age discrimination claim under NH RSA 354-A:7, I, when that standard is applied.

In her objection, Wilson contends that the standard under Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., applies to her claim under NH RSA 354-A:7, I. That standard provides that a discriminatory motive is shown "when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m). Wilson contends that a material factual dispute exists in this case as to whether her age was a motiving factor in Calamar's decision to fire her.

Wilson also contends the motion for summary judgment must be denied because Calamar failed to provide evidence to support its stated reason for firing her. Calamar filed a reply, asserting that Wilson lacks evidence to show that her age was a motivating factor in the decision to terminate her so that her claim also fails under the Title VII standard.

The New Hampshire Supreme Court has not decided a claim of age discrimination under NH RSA 354-A:7, I, and, therefore, the standard applicable to the employer's motivation for that type of employment action has not been determined.[1] For that reason, this court, like the New Hampshire Supreme Court, would look to federal cases addressing discrimination claims under federal law for guidance as to the applicable standard. Madeja, 149 N.H. at 378-79; Carney v. Town of Weare, 2017 WL 680384, at *6 (D.N.H. Feb. 21, 2017) (explaining that federal case law is instructive when interpreting similar issues under NH RSA chapter 354-A).

As is discussed below, when necessary, New Hampshire uses a three-step burden-shifting framework to decide cases under NH

---

[1] In Merrill v. Fall Mountain Regional School District – SAU 60, EA 0313-06, 16D-2006-10091, (signed in September of 2010) the New Hampshire Commission for Human Rights issued a decision holding, based on state law policy grounds, that the Gross "but for" standard did not apply to age discrimination claims under RSA 354-A:7, I, and instead, the Title VII mixed motive standard, which has been used for other discrimination claims under 354-A:7, applied. The Commission also predicted the New Hampshire Supreme Court would so hold.

RSA chapter 354-A.  The legal standard applicable to the first two steps of the burden-shifting framework is not disputed.  The question whether the "but for" standard or the "motivating factor" standard applies arises at the third step of the burden-shifting framework.

A. Framework for Deciding NH RSA Chapter 354-A:7 Claims

When direct evidence of discrimination is lacking for a claim under NH RSA chapter 354-A, the New Hampshire Supreme Court uses the McDonnell Douglas burden-shifting framework to evaluate circumstantial evidence.  In re Seacoast Fire Equip. Co., 146 N.H. 605, 608 (2001) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973)); E.D. Swett, Inc. v. N.H. Comm'n for Human Rights, 124 N.H. 404, 409 (1983).  In the first step of the burden-shifting framework, a plaintiff must make a prima facie case of discrimination by satisfying four elements to show discriminatory action.  Id.  The four elements used to make a prima facie case vary depending on the nature of the discrimination alleged, beginning with a showing that the plaintiff is in a protected class.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); McDonnell Douglas, 411 U.S. at 802.

If a prima facie case of employment discrimination is made, a rebuttable presumption of discrimination arises.  E.D. Swett, 124 N.H. at 409-10.  The burden then shifts to the employer in

the second step to produce evidence that the employment decision was made for a legitimate and nondiscriminatory reason. Id. If the presumption is rebutted, then, at the third step, the plaintiff resumes her burden of persuasion to show that the employer's stated reason was not the true reason for the employment decision and that the true reason was discriminatory. Burns v. Town of Gorham, 122 N.H. 401, 408-09 (1982).

B. Prima Facie Case

To make a prima facie case of age discrimination, Wilson must show that she was of advanced age when she was terminated,[2] that she was qualified for the job and was meeting Calamar's reasonable expectations, that she was terminated, and that Calamar filled her position with someone younger or did not treat age neutrally in that selection. Rodriguez-Cardi, 2019 WL 4010293, at *5; Del Valle-Santana v. Servicios Legales de P.R., Inc., 804 F.3d 127, 129-30 (1st Cir. 2015). Wilson has satisfied those criteria, and Calamar does not dispute her prima

---

[2] For purposes of age discrimination under the federal ADEA, persons who are at least forty years old are protected. 29 U.S.C. § 631(a). NH RSA 354-A:7, I, however, does not include a minimum protected age. Wilson used the age of forty to show that she was a member of a protected class based on age. For purposes of showing a protected class, based on age, the prohibition against age discrimination in NH RSA 354-A:7, I would protect persons of advanced age, even though the protection is not limited to those over forty.

8

facie case.³  Therefore, a rebuttable presumption of discrimination based on age has been created.

C. Calamar's Reason

To rebut the presumption at the second step of the burden-shifting framework, Calamar must provide a legitimate, nondiscriminatory reason for terminating Wilson's employment. See E.D. Swett, 124 N.H. at 410; Rivera-Rivera v. Medina & Medina, Inc., 898 F.3d 77, 88 (2018).  Calamar must provide credible evidence to support the reason it provides.  E.D. Swett, 124 N.H. at 410; see also Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 257 (1981) (employer must provide evidence "which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus").  If Calamar fails to provide credible evidence to rebut the presumption, the presumption stands, and Wilson has properly supported her claim.  E.D. Swett, 124 N.H. 410-11.

Calamar states in its memorandum that its legitimate nondiscriminatory reason for terminating Wilson was that

---

³ Calamar does not address the elements of a prima facie case.  Instead, without citing any authority in support, Calamar argues that because it had other older employees and Wilson lacks evidence of any harassment based on age, she cannot show that her termination was motivated by her age.  Calamar does not explain how those observations relate to the prima facie case.

9

"despite efforts to assist her, multiple warnings and multiple chances, Ms. Wilson was not managing her time well and was not completing her job duties."  Doc. no. 12-1, at *6.  Calamar cites no evidence to show that the stated reason is credible.  Although Wilson pointed out the lack of evidence in her response, Calamar did not remedy the lack of evidence in its reply.[4]

Because Calamar presents no evidence to support its reason for the termination, it did not satisfy its burden of production at the second step.  The analysis stops at the second step, with the presumption of discrimination unrebutted.[5]  For that reason, Calamar has not shown that it is entitled to judgment as a matter of law on Wilson's age discrimination claim under NH RSA 354-A:7, I.

---

[4] Calamar argues, citing Dwyer v. Sperian Eye & Face Protection, Inc., 10-cv-255-JD, 2012 WL 16463, at *4 (D.R.I. Jan. 3, 2017), that Wilson bore the burden of providing evidence at the second step.  Calamar is mistaken.  The cited part of the Dwyer decision addressed the third step, after the defendants provided record facts to support its reason for termination and rebutted the presumption of discrimination.  Id. at *3.  Therefore, Dwyer does not support Calamar's argument.

[5] Because the analysis in this case does not reach the third step of the burden-shifting framework, the court need not address the question of whether the Gross "but for" standard or the Title VII motivating factor standard would apply to the determination of discriminatory motive in this case.  However, this issue will need to be resolved in the event this case goes to trial.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 12) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

September 19, 2019

cc: Counsel of Record